**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-7474**

—————————

MICHAEL A. YATES,

             Petitioner – Appellant,

      v.

KEITH DAVIS, Warden,

             Respondent – Appellee.

—————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:08-cv-01284-TSE-IDD)

—————————

Submitted:  November 16, 2009      Decided:  November 23, 2009

—————————

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

—————————

Remanded by unpublished per curiam opinion.

—————————

Michael A. Yates, Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael A. Yates seeks to appeal the district court's order dismissing his petition filed pursuant to 28 U.S.C. § 2254 (2006). The district court entered its order on February 24, 2009. We deem Yates to have filed his notice of appeal no later than July 30, 2009, and perhaps earlier.[*] Yates argues that he did not receive notice of the district court's order until July 20, 2009.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted); see Bowles v. Russell, 551 U.S. 205, 214 (2007).

Yates's notice of appeal was filed well beyond the thirty-day appeal period. However, under Rule 4(a)(6), the

---

[*] Pursuant to Houston v. Lack, 487 U.S. 266, 276 (1988), and Fed. R. App. P. 4(c), Yates's notice of appeal is deemed filed as of the date he properly delivered it to prison officials for mailing. Although that date cannot be discerned from the existing record, it had to have occurred no later than July 30, 2009, the date the envelope containing Yates's notice of appeal was postmarked.

district court may reopen the time to appeal. Because the record is unclear as to when Yates received notice of the district court's dismissal of his action, and when he delivered his notice of appeal to prison officials, we remand this case to the district court for the limited purposes of determining when Yates received notice of the district court's entry of its final order, when Yates delivered his notice of appeal to prison officials, and whether he is entitled to a reopening of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED